# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **REGINALD FITZGERALD,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**HAROLD CLARKE,** in his official )<br>capacity, Director of the Virginia )<br>Department of Corrections, et als., )<br>)<br>Defendants. ) | Case No. 1:23CV00017<br><br>**OPINION AND ORDER**<br><br>JUDGE JAMES P. JONES |

*Blake A. Weiner*, BLAKE WEINER LAW, PLLC, Richmond, Virginia, for Plaintiff; *Ann-Marie White*, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Defendants.

The plaintiff, Reginald Fitzgerald, brings this action under 42 U.S.C. § 1983 against the defendants, who worked for the Virginia Department of Corrections (VDOC) at the time of the Complaint. The plaintiff alleges that the three defendants violated his First and Fourteenth Amendment rights and two of the defendants committed common law assault. The defendants have filed the present Motion to Dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). For the following reasons, I will grant in part and deny in part the motion.

## I. BACKGROUND.

At the time his claims arose, Fitzgerald was incarcerated at Keen Mountain Correctional Center in Oakwood, Virginia, within this judicial district. He alleges

the following facts, which I must accept as true for the purposes of the present motion. While at Keen Mountain, Fitzgerald witnessed correctional officers plant a knife in another inmate's locker. Defendant Stiltner, a correctional officer, told Fitzgerald in November of 2022 that if he "made grievances or complaints regarding what he saw, [he] would be physically assaulted and placed in the 'hole' so that [he] could not get in contact with anyone." Compl. ¶ 76, ECF No. 1. When plaintiff "attempted to file grievances related to these events, the grievances and complaints were thrown away by staff." *Id.* at ¶ 77. It is alleged that "[a]s a result of these consistent threats," the plaintiff stopped "attempting to file grievances." *Id.* at ¶ 78.

Presumably relevant as to defendants Clarke, the Director of VDOC at the time of the Complaint, and Hamilton, the Keen Mountain Warden, it is alleged that Stiltner's threats were made "in unity with the VDOC custom and the unofficial policy at Keen Mountain Correctional Center." Compl. ¶ 3, ECF No. 1. Fitzgerald seeks monetary damages and injunctive relief.

Fitzgerald brings claims for violation of his First and Fourteenth Amendment rights against all three defendants as well as a state law claim of assault against Stiltner and Hamilton. The defendants have filed a Motion to Dismiss for failure to state a claim.

II.  STANDARD OF REVIEW.

To survive a 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not meet the Rule 8 pleading standard.  *Id.* at 678.  A court must accept all factual allegations in the operative complaint as true when considering a 12(b)(6) motion.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In order to state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

III.  DISCUSSION.

A.  Defendants Clarke and Hamilton.

To state a claim under § 1983, Fitzgerald's Complaint must plausibly allege that defendants Clarke and Hamilton, "through [their] own individual actions, [have] violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676.  Fitzgerald does not

state facts as to any specific action taken by defendants Clarke and Hamilton that violated his First and Fourteenth Amendment rights. Nor does he refer to any policy, direction, or order given by Clarke and Hamilton that violated his constitutional rights. Of course, under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a under a theory of *respondeat superior*." *Id.* As Fitzgerald has not adequately pled facts against defendants Clarke and Hamilton, the motion to dismiss as to Counts III and IV against them is granted.[1]

B. Defendant Stiltner.

i. Retaliation and Prior Restraint.

Count IV of the complaint alleges that Fitzgerald's First Amendment rights were violated. The First Amendment "prevents governmental actors from forbidding, or penalizing," protected speech. *Fairley v. Andrews*, 578 F.3d 518, 525 (7th Cir. 2009). Both the plaintiff and the defendants have interpreted Count IV as asserting retaliation. However, there are two First Amendment violations implicated by Fitzgerald's complaint. The first is retaliation, which involves "[p]enalties that

---

[1] Harold Clarke is named only in his official capacity for the purpose of injunctive relief. Compl. ¶ 8, ECF No. 1. He is no longer Director of the VDOC and thus if the claim against him were to continue, his successor would be automatically substituted. Fed. R. Civ. P. 25(d).

follow speech." *Id.* The second is prior restraint, which includes "threats of punishment that are designed to discourage future speech." *Id.* I discuss both below.

To state a colorable First Amendment retaliation claim, a plaintiff "must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (citation and alterations omitted). The filing of grievances and informal complaints has been found to constitute activity protected by the First Amendment. *Ofori v. Fleming*, No. 7:20-CV-00345, 2021 WL 4462922 at *3 (W.D. Va. Sept. 29, 2021). However, Fitzgerald does not allege that he had engaged in a protected First Amendment activity prior to being threatened. Rather, Fitzgerald was told that he would be physically assaulted and placed in the "hole" before he had the opportunity to file a grievance or complaint. Although Fitzgerald has included details that support some claim of retaliation — that grievances and complaints he had attempted to file were thrown away by unnamed staff — he has not alleged facts that support a retaliation claim against Stiltner.[2]

---

[2] This action was originally jointly filed by Fitzgerald and another inmate plaintiff involving separate prison incidents. The case was thus severed into two separate actions. Count IV of the joint Complaint states that multiple correctional officers, including Stiltner, threatened and continued to threaten the plaintiffs for filing grievances. However, I find

"[A] prior restraint is the quintessential first-amendment violation." *Fairley*, 578 F.3d at 525. In *Fairley*, the plaintiffs brought a retaliation claim under § 1983 alleging that they were threatened to prevent them from testifying in a separate lawsuit. *Id.* at 521. The court found that the plaintiffs did not experience retaliation because the threats occurred prior to their testimony. *Id.* at 525. Here, Fitzgerald alleges that he was intimidated by Stiltner to prevent him from filing grievances or complaints about what he had witnessed. He states specifically that Stiltner threatened to place him in the "hole" so that Fitzgerald could not get in contact with anyone. Fitzgerald has sufficiently alleged facts to survive a 12(b)(6) motion to dismiss. *Parnell v. Lashbrook*, No. 16-CV-1144-NJR, 2017 WL 2876526 (S.D. Ill. July 6, 2017) (stating that a plaintiff who alleged he was threatened with the unjustified revocation of good conduct credit to deter him from filing a lawsuit stated a plausible First Amendment claim for prior restraint). Accordingly, I will deny the defendants' Motion to Dismiss as to Count IV against Stiltner.

## ii. Discrimination.

Count III alleges that Stiltner's actions against Fitzgerald were motivated, in part, by racial discrimination and that Stiltner continually referred to Fitzgerald's race and color while "furthering his unconstitutional actions." Pl.'s Compl. ¶ 95,

---

this statement too conclusory to allege a plausible violation of Fitzgerald's First Amendment rights.

ECF No. 1. However, there are no facts to support this claim. Fitzgerald fails to present specific instances where Stiltner referred to his race or color. In fact, Stiltner's threat to physically assault him and place him in the "hole" is the only specific incident stated in the Complaint involving Fitzgerald, and there is no inference from that allegation that Stiltner was motivated by racial bias. Therefore, Fitzgerald's conclusory allegations of discrimination in violation of the Fourteenth Amendment fail to state a claim upon which relief may be granted.

### iii. Assault.

Lastly, Fitzgerald brings a state law claim for assault against Stiltner and Hamilton. To establish the state law tort of assault, the plaintiff "must prove that the defendant performed an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery." *Koffman v. Garnett*, 574 S.E.2d 258, 261 (Va. 2003). Fitzgerald does not plausibly allege that Stiltner's threats constitute an assault. He states that Stiltner threatened to physically harm him and throw him in the "hole" *if* Fitzgerald made a grievance, which would not put him in reasonable apprehension of a battery imminently but rather at some point in the future. Fitzgerald additionally has not alleged any facts to state an assault claim against Hamilton. He makes no mention of specific conduct, orders,

or policies that can be attributed to Hamilton. Therefore, I will grant the motion to dismiss as to Count V.

### iv. Injunctive Relief.

Defendants request that the court dismiss a claim for injunctive relief. However, at this point the court cannot determine what specific relief might be appropriate. Some sort of injunctive relief might be available, even if it is not the specific relief currently noted by the plaintiff. Fed. R. Civ. P. 54(c).[3]

## IV. CONCLUSION.

For the foregoing reasons, the defendants' Motion to Dismiss, ECF No. 18, is GRANTED in part and DENIED in part. Defendants Harold Clarke and Israel Hamilton are DISMISSED and the Clerk shall terminate them as parties. Counts III and V of the Complaint are DISMISSED as they pertain to the remaining defendant Stiltner. The defendants' requests to dismiss Count IV and any claim for injunctive relief are DENIED.

It is so **ORDERED**.

ENTER: February 20, 2024

/s/ JAMES P. JONES
Senior United States District Judge

---

[3] The only injunctive relief presently sought is an order requiring the VDOC Director to transfer the plaintiff to another Virginia prison. Compl. ¶ 102, ECF No. 1.