CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
December 30, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **REGINALD FITZGERALD**, | ) |
| Plaintiff, | ) Case No. 1:23CV00017 |
| v. | ) **OPINION AND ORDER** |
| **HAROLD CLARKE**, *in his official capacity, Director of the Virginia Department of Corrections*, **ET AL.**, | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Blake A. Weiner*, BLAKE WEINER LAW, PLLC, Richmond, Virginia, for Plaintiff; *Ann-Marie White*, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE AND PUBLIC SAFETY DIVISION, Richmond, Virginia, for Defendants.

The plaintiff, Reginald Fitzgerald, a state prison inmate, brought this action under 42 U.S.C. § 1983 against employees of the Virginia Department of Corrections (VDOC). I granted in part and denied in part the defendants' Motion to Dismiss. *Fitzgerald v. Clarke*, No. 1:23CV00017, 2024 WL 677712, at *1 (W.D. Va. Feb. 20, 2024). As a result, only a First Amendment prior restraint claim against correctional officer L. Stiltner remains. Defendant Stiltner has now filed a Motion for Summary Judgment. I find that the failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e bars Fitzgerald's action and will accordingly grant the motion.

I.   BACKGROUND.

Fitzgerald was incarcerated at Keen Mountain Correctional Center in Oakwood, Virginia, within this judicial district, at the time his claims arose. He alleges that he saw correctional officers plant a knife in another inmate's locker. According to Fitzgerald, defendant Stiltner then told Fitzgerald that if he made complaints regarding what he saw, he would be physically assaulted and placed in the "hole," (solitary confinement), so that he would not be able to contact anyone. Fitzgerald alleges he filed administrative grievances regarding these threats. He states that he dropped off approximately three written complaints in a grievance mailbox but did not receive a response or a confirmation receipt. Pl.'s Opp'n Mot. Summ. J. Ex. 1, Fitzgerald Aff. 1, ECF No. 35-1. He also claims that he submitted a written complaint regarding the failure to process his complaints about Stiltner but did not receive a response. *Id.* He asserts that Stiltner continued to threaten Fitzgerald for filing grievances and making complaints.

Defendant Stilner has provided the Court with the VDOC Offender Grievance Procedure. It provides that all inmates are entitled to use the grievance procedure for problem resolution and are not subject to reprisal for filing good-faith grievances. It is a grievable issue for a correctional officer to make threats and to retaliate. Def.'s Mem. Supp. Mot. Summ. J. Ex. 1, Hardin Aff. 2, ECF No. 32-1.

The grievance process begins by an inmate submitting an Informal/Written Complaint to the appropriate department head. Prison staff should respond within 15 days, because a grievance must be submitted within 30 days from the date of the incident. The 15-day response time permits the inmate to then file a Regular Grievance within the 30-day deadline. A Regular Grievance must be submitted with documentation that demonstrates the inmate's attempt to informally resolve the issue. Regular Grievances that do not meet the filing requirements are returned to the inmate within two working days from the date of receipt noting the reason for the return. When the Regular Grievance is not accepted at intake, a copy is made with the justification for return noted, and it is returned to the inmate. An inmate may send the Regular Grievance to the VDOC Regional Ombudsman for review of the intake decision to return it, after which there is no further review. *Id.* at 2–4.

The relevant forms can be requested from multiple locations in the prison and must be submitted in two designated Grievance mailboxes located on the yard at Keen Mountain, to which all General Population inmates have access. These mailboxes are locked, and only the Grievance Coordinator or his or her designee may access them. They are required to check the mailboxes daily. Once they pick up the forms in the mailbox, the Grievance Office date-stamps the forms and logs them into VDOC's inmate database. Then a Grievance Receipt is issued to the inmate. *Id.* at 6–7.

To properly exhaust his administrative remedies, Fitzgerald was required to submit an Informal/Written Complaint, follow up with a Regular Grievance that is accepted during the intake process, then appeal that Regular Grievance through multiple levels of responses provided by VDOC officials. Fitzgerald's Grievance File shows that he did not submit any Informal/Written Complaints or Regular Grievances regarding the allegations at issue in this case, whether they were accepted or rejected at intake,. *Id.* at 5. Fitzgerald does not present any receipt that confirms he submitted any form to the mailboxes.

## II.  STANDARD OF REVIEW.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, the court must view "all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 958 (4th Cir. 2022).

A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. "If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247–48.

III.  DISCUSSION.

A. Failure to Exhaust Administrative Remedies.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e (a).  The failure to exhaust under the Prison Litigation Reform Act (PLRA) is an affirmative defense that a defendant must raise and prove. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).  "Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the inmate to show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies were unavailable through no fault of the inmate." *Conley v. Grigsby*, No. 7:22-CV-00027, 2023 WL 1868228, at *12 (W.D. Va. Feb. 9, 2023). Proper exhaustion requires "compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

Fitzgerald argues that he filed grievances in the administrative process. These include about three complaints that he claims he dropped in a grievance mailbox but for which he never received the customary receipts, and another written complaint regarding a failure to process his complaints concerning defendant Stiltner

"Courts within the Fourth Circuit (and in sister circuits) hold that unsubstantiated and conclusory assertions by prisoner-plaintiffs that prison grievances were hindered, without providing any details regarding the date the alleged grievances were submitted or to whom they were submitted, fail to create a genuine issue of material fact sufficient to withstand summary judgment." *Pickens v. Lewis*, No. 1:15-CV-275-FDW, 2017 WL 3277121, at *4 (W.D.N.C. Aug. 1, 2017) (collecting cases). Fitzgerald provides only one estimated timeframe for these filings, stating that he submitted one of the complaints "approximately one day after the incident in the Complaint involving Defendant Stiltner." Fitzgerald Aff. 1, ECF No. 35-1. But his affidavit is not specific about the dates he submitted the other complaints, or even the exact number of complaints he submitted. Instead, he states he submitted "approximately" three written complaints. *Id*. His allegations therefore constitute "unsubstantiated and conclusory assertions" that cannot defeat the defendant's motion. *Pickens*, 2017 WL 3277121, at *4.

Fitzgerald argues that "there is a dispute of fact as to whether Keen Mountain's staff properly took the necessary follow up actions to make the grievance

system actually available" to him.  Pl.'s Opp'n Mot. Summ. J. 3, ECF No. 35.  But he does not identify any specific employee or stage in the grievance submission process that requires an employee's work as the source of the grievance system's unavailability to him.  It is "significant" that "there is no evidence in the record" besides Fitzgerald's own statement that "any jail official impeded or discouraged any efforts that [Fitzgerald] made or could have made to file a grievance."  *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011) (unpublished).

Fitzgerald has not met his burden of proof that he submitted any complaints.  Nor has he shown that any prison officials at Keen Mountain made administrative remedies unavailable to him by not completing the procedural tasks of picking up the complaints and then logging them into the system.  I acknowledge that a defendant alleging interference with the grievance system may face more difficulty providing supporting evidence.  However, the caselaw is clear.  Accordingly, I find that Fitzgerald has not satisfied PLRA's requirements for suits brought under § 1983 because he cannot show that he exhausted the administrative remedies available to him.

## B. First Amendment Prior Restraint Claim.

Because I find that Fitzgerald has not exhausted his administrative remedies, I will not reach the merits of his sole remaining claim of a First Amendment prior restraint violation.

## IV.  CONCLUSION.

For the foregoing reasons, the defendant's Motion for Summary Judgment, ECF No. 31, is GRANTED.  A separate final judgment will be entered.

It is so **ORDERED**.

ENTER:   December 30, 2024

/s/  JAMES P. JONES
Senior United States District Judge